**IN THE FEDERAL DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DAVID LANDGREN, <br><br> Plaintiff, <br><br>    v. <br><br> COOK COUNTY, <br><br> Defendant. | Case No.: 21-cv-3899 |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff DAVID LANDGREN, by and through undersigned counsel, bringing this Complaint and Jury Demand against Defendant COOK COUNTY for violations of the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101 *et seq.*) and the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.* Plaintiff also brings a supplemental state law claim for violation of 820 ILCS 305/4(h) for failure to rehire or recall an employee to service because of Plaintiff's exercise of his rights under the Illinois Workers' Compensation Act. In support of his claims, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought pursuant to 42 U.S.C. § 12101 *et seq.* for disability discrimination and 29 U.S.C. § 621 for age discrimination. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission for age and disability discrimination on or about September 9, 2020 and was issued a Notice of Right to

Sue on or about April 26, 2021. This Court has supplemental state law jurisdiction over Plaintiff's failure to recall/rehire claim under the Illinois Workers' Compensation Act pursuant to 28 U.S.C. §1367.

2.      Venue is proper under 28 U.S.C. § 1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

**PARTIES**

3.      Plaintiff DAVID LANDGREN (hereinafter "Plaintiff") was an employee of Defendant. Plaintiff's most recent position at Defendant was a security specialist within the Juvenile Temporary Detention Center.

4.      Defendant COOK COUNTY (hereinafter "Defendant") is a public employer that oversees the Juvenile Temporary Detention Center, which temporarily detains youth between the ages of ten (10) and sixteen (16) who await adjudication of cases before the Juvenile Division of the Cook County Courts. At all times relevant, Defendant employed Plaintiff in its Juvenile Temporary Detention Center as a security specialist. Defendant employs over 500 individuals.

**FACTS**

5.      Plaintiff was hired at Defendant on or about August 31, 2009. Plaintiff's most recent position was Security Specialist II at the Juvenile Temporary Detention Center.

6.      In or around June of 2018, Plaintiff was injured while on duty. Plaintiff was head-butted several times by an inmate, causing injury to his head and cervical spine.

7.      At the time of his injury, Plaintiff was 58 years old.

8.      Following his injury, Plaintiff was placed on injured on duty (IOD) leave.

2

9.      In or around September of 2019, an independent medical examiner concluded Plaintiff's restrictions on pushing, pulling and lifting were permanent.

10.      In November of 2019, Defendant enrolled Plaintiff in a vocational rehabilitation program.  The program sought to place Plaintiff in a different position that could accommodate his permanent physical restrictions.

11.      Upon information and belief, hiring at Defendant is processed and overseen by one centralized human resources department called the Bureau of Human Resources.

12.      Through the vocational rehabilitation program, Plaintiff applied to numerous jobs that would have accommodated his physical restrictions.  These jobs included at least dozens of jobs within Defendant for which he was qualified.

13.      One of the jobs Plaintiff applied for within Defendant was a light duty security officer position with Defendant's Department of Facilities Management.  Plaintiff applied for the position in or around February 2020.  Plaintiff was qualified for the position.  Plaintiff never received a response regarding this application, despite being told he was qualified for the position.

14.      Plaintiff also applied to several analyst, security officer and investigator positions throughout Defendant's various departments.  Plaintiff was qualified for all of the positions within Defendant that he applied for.

15.      Plaintiff never received an interview and was not selected for any of the dozens of jobs he applied for within Defendant.

16.      In or around November of 2020, Plaintiff was told by a representative of Defendant that he was not selected for any of the positions at Defendant because of a hiring

freeze. Upon information and belief, the stated reason for Plaintiff's non-hire was pretext, and there was no such hiring freeze.

17. Upon information and belief, employees at Defendant responsible for reviewing and hiring new employees are aware of whether applications are submitted through a vocational rehabilitation program.

18. Upon information and belief, similarly situated younger employees have been given more favorable treatment in Defendant's hiring process.

19. Upon information and belief, similarly situated employees who are not disabled have been given more favorable treatment in Defendant's hiring process.

20. Upon information and belief, similarly situated employees who have not exercised rights under the Illinois Workers' Compensation Act have been given more favorable treatment in Defendant's hiring process.

## COUNT I:
### Disability Discrimination in Violation of the Americans with Disabilities Act

21. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

22. At all relevant times, Plaintiff was disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. 12111 et seq and under Section 504 of the Rehabilitation Act of 1973. Plaintiff has a musculoskeletal condition stemming from an injury suffered in June of 2018.

23. Plaintiff's condition substantially limits one or more major life activities. The condition limits Plaintiff's ability to perform manual tasks, to push, pull, and to reach as identified under the ADA. (42 U.S.C. § 12102(2)(A)). Furthermore, the ADA specifies that

major life activities also include the operation of major bodily functions such as musculoskeletal functions. (42 U.S.C. § 12102(2)(b)).

24.     Plaintiff was employed by Defendant since August of 2009. Plaintiff performed his job well and received adequate evaluations.

25.      Plaintiff is a qualified individual as he is a person who met the legitimate skill, experience, education, or other requirements of the employment positions that he applied for, and he could perform the essential functions of the positions with or without reasonable accommodation.

26.     Plaintiff applied for numerous positions within Defendant for which he was qualified. Those positions would have accommodated Plaintiff's disability and would not have placed an undue hardship on Defendant.

27.     Defendant did not hire Plaintiff for any of the positions to which he applied because of Plaintiff's disability.

28.     Defendant's unlawful discrimination on the basis of Plaintiff's disability caused Plaintiff damages, including but not limited to: lost wages, emotional pain and suffering, costs and fees.

**COUNT II:**
**Disability Discrimination in Violation of the Rehabilitation Act**

29.     Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

30.     Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794(a).

5

31.     Rehabilitation Act claims are analyzed under the same standards as those used for ADA claims, except the Rehabilitation Act includes as an additional element the receipt of federal funds by the defendant.

32.     Defendant receives federal funding.

33.     Defendant's acts as described above, including its failure to place Plaintiff in one of the numerous positions to which he applied and was qualified, were prohibited by Section 504 of the Rehabilitation Act.

34.     Defendant's unlawful discrimination against Plaintiff's disability in violation of the Rehabilitation Act caused Plaintiff damages, including but not limited to, lost wages, emotional pain and suffering, costs and fees.

**COUNT III:**
**Age Discrimination in Violation of the Age Discrimination in Employment Act**

35.     Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

36.     Plaintiff is, and at the time of the alleged adverse treatment was, over the age of forty (40).

37.     Defendant discriminated against Plaintiff, including, but not limited to, by failing to place him in one of the numerous positions to which he applied and was qualified to work at Defendant.

38.     Defendant's unlawful conduct was in violation of the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*).

39.     Defendant's conduct was willful.

40.     Defendant's unlawful conduct caused Plaintiff damages, including, but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

**COUNT IV:**
**Supplemental State Law Claim for Failure to Recall/Rehire in Violation of the Illinois Workers' Compensation Act**

41.     Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

42.     Plaintiff was exercising his rights under the Illinois Workers' Compensation Act, 820 ILCS 305/ *et seq.* when he pursued a work injury claim following his injury on duty.

43.     Following the information that his injuries were permanent and that he would require permanent physical work restrictions, Plaintiff applied for numerous positions within Defendant for which he was qualified.  Defendant refused to hire Plaintiff for any of these positions.

44.     Defendant's refusal to allow Plaintiff to return to work was motivated by an intent to retaliate against Plaintiff for having pursued rights under the Illinois Workers' Compensation Act, in violation of section 4(h) of the Act.

45.     Defendant's unlawful conduct caused Plaintiff damages, including but not limited to, lost wages, emotional pain and suffering, costs and fees.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID LANDGREN prays for judgment against Defendant COOK COUNTY, awarding:

a.   Actual damages;

b.   Compensatory damages;

c.   Punitive damages;

d.   Liquidated damages;

e.   Costs;

f.  Attorney's fees; and

g.  Such other relief as the Court deems just and equitable.

Respectfully Submitted,
DAVID LANDGREN
Plaintiff

_____
Christina Abraham
Attorney for Plaintiff

Attorney No. 6298946
Christina Abraham, Esq.
Abraham Law & Consulting, LLC.
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 588-7150