UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID LANDGREN, | ) |
| Plaintiff, | ) |
| | ) No. 21 C 3899 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| COOK COUNTY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff David Landgren worked as a security specialist at the Cook County Juvenile Temporary Detention Center ("JTDC"). In June 2018, he suffered an injury while on duty that has left him with permanent physical restrictions. Although Landgren entered a vocational rehabilitation program that sought to place him in a different position that could accommodate his restrictions, he was not hired for any of the positions to which he applied. Believing that his failure to obtain a different position is due to discrimination, Landgren filed this lawsuit against Defendant Cook County (the "County"). He brings claims for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794; age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and failure to recall or rehire in violation of the Illinois Workers' Compensation Act ("IWCA"), 820 Ill. Comp. Stat. 305/1 *et seq.* The County has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Although the Office of the Chief Judge, and not the County, employed Landgren, because his disability and age discrimination claims involve allegations of failure to hire that do not require a preexisting employment relationship, the County remains a proper defendant for these claims.

And under the liberal pleading standards for employment discrimination claims, he has sufficiently alleged these claims so as to proceed to discovery. But Landgren's IWCA failure to recall or rehire claim fails against the County because that claim requires the defendant to have employed the plaintiff prior to his injury.

## BACKGROUND[1]

Landgren began working at the JTDC on August 31, 2009, most recently holding the position of Security Specialist II. In June 2018, he suffered an injury to his head and cervical spine when a detained youth head-butted him several times. At the time of his injury, Landgren was fifty-eight years old. Following his injury, Landgren went on injury-on-duty leave.

In September 2019, an independent medical examiner determined that Landgren had permanent physical restrictions on pushing, pulling, and lifting. He subsequently enrolled in a vocational rehabilitation program through the County, which sought to place him in a different position that would accommodate his restrictions. The County's centralized human resources department oversees all hiring for County jobs. Landgren applied to at least a dozen jobs, including a light duty security officer position with the County's Department of Facilities Management, but he never received interviews for any of the jobs to which he applied. In November 2020, a County representative told Landgren that the County had a hiring freeze in place.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in

---

[1] The Court takes the facts in the background section from Landgren's complaint and presumes them to be true for the purpose of resolving the County's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Proper Defendant

First, the County argues that the Court should dismiss all of Landgren's claims against it with prejudice because the Office of the Chief Judge, not the County, employed Landgren and so is the proper defendant. As Landgren alleges, he worked at the JTDC as a security specialist. Illinois transferred management of the JTDC from the County's political branches to the Circuit Court of Cook County, with the Office of the Chief Judge having authority over the JTDC. *Doe v. Cook Cnty.*, 798 F.3d 558, 560 (7th Cir. 2015) (citing 55 Ill. Comp. Stat. 75/3). In other words, the Office of the Chief Judge, not the County, controls the JTDC and functions as Landgren's employer. *See Mathlock v. Fleming*, No. 18 CV 6406, 2019 WL 2866726, at *2–3 (N.D. Ill. July 3, 2019) ("The chief judge appoints the superintendent, along with 'all other necessary personnel,' and those individuals serve at the pleasure of the chief judge. The chief judge also has administrative control over the detention center's budget, subject to the county board's approval. In sum, while the county creates, funds, and can replace the detention center, the chief judge controls its budget and the day-to-day conduct of its officials." (citations

3

omitted)). The Office of the Chief Judge is a separate entity from the County, meaning that claims concerning the JTDC are properly asserted against the Office of the Chief Judge, not the County. *See T.S. v. Twentieth Century Fox Television*, 502 F. Supp. 3d 1285, 1294 (N.D. Ill. 2020) ("Based on the Detention Home Act's descriptions of the Chief Judge's functions, the 2007 amendment to the Act, the amendment's legislative history, and Illinois' history of vesting administrative control of juvenile detention centers in chief judge's offices rather than in counties, the court concludes that the Chief Judge acts as an arm of Illinois when he operates and administers the JTDC.").

Given this legal separation, the County maintains that all of Landgren's claims against it fail because they require a finding that the County employed him. But Landgren's ADA, Rehabilitation Act, and ADEA discrimination claims involve the County's alleged failure to hire him for positions under the County's hiring authority, with Landgren alleging that he applied to an open position in the County's Department of Facilities Management, as well as to positions in other County departments. These failure to hire claims do not depend on a finding that the County, as opposed to the Office of the Chief Judge, formerly employed Landgren. *See Turner v. City of Chicago Bd. of Educ.*, No. 17 C 6507, 2019 WL 1953113, at *3 (N.D. Ill. May 2, 2019) ("Title VII countenances claims for refusal to hire, which do not require . . . allegations [that the plaintiffs and defendants had an employment relationship.]"); *Dixon v. CMS*, No. 14 C 4986, 2015 WL 6701771, at *2 (N.D. Ill. Nov. 3, 2015) (for ADA failure to hire claim, "all plaintiff need allege is that he was turned down for a job because of his disability"). Thus, the Court does not find it appropriate to dismiss Landgren's disability and age discrimination claims based on

the fact that the Office of the Chief Judge, and not the County, employed Landgren as a security specialist.[2]

That said, Landgren's IWCA failure to rehire or recall claim does depend on a preexisting employment relationship. The IWCA provides that an employer may not refuse to rehire an employee "because of the exercise of his or her rights or remedies granted to him or her by this Act." 820 Ill. Comp. Stat. 305/4(h). An IWCA claim necessarily requires the defendant to have employed the plaintiff prior to his injury. *See Nutall v. Reserve Marine Terminals*, No. 1:14 CV 4738, 2015 WL 9304350, at *11 (N.D. Ill. Dec. 22, 2015) (IWCA failure to recall claim requires the plaintiff to show "(1) that he was the Defendant's employee before his injury; (2) that he exercised a right granted by the Workers' Compensation Act; (3) and that Defendant refused to recall Plaintiff because of his workers' compensation claim"); *Motsch v. Pine Roofing Co.*, 178 Ill. App. 3d 169, 173 (1988) (same). Although Landgren argues in his response that he will be able to prove that the County, and not the Office of the Chief Judge issued his paychecks and handled his work injury claim, as already discussed, the Office of the Chief Judge, not Cook County, functions as Landgren's employer and is considered a separate entity for purposes of suit. *See Haag v. Cook Cnty.*, No. 1:17-CV-05403, 2021 WL 1192440, at *4 (N.D. Ill. Mar. 29, 2021) ("[T]he County is right that it is not Haag's joint employer for purposes of discrimination laws. The Illinois Constitution and the governing Illinois statute establish the Adult Probation Department under the authority and supervision of the Office of the Chief Judge."). Thus, because Landgren may only proceed on his IWCA claim against the Office of the Chief Judge, the Court dismisses his IWCA claim against the County with prejudice.

---

[2] To the extent that Landgren claims disability or age discrimination arising from his employment at the JTDC or the JTDC's failure to rehire him for any positions there, he may only proceed on those claims against the Office of the Chief Judge and must amend his complaint to add the Office of the Chief Judge as a defendant.

5

## II.    Exhaustion of Administrative Remedies

Next, the County argues that Landgren cannot maintain his disability and age discrimination claims against it because he did not name the County in his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) ("Ordinarily, a party not named as a respondent in an EEOC charge may not be sued under Title VII."). Failure to exhaust administrative remedies is typically an affirmative defense, and "a plaintiff has no obligation to allege facts negating an affirmative defense." *Bibbs v. Sheriff of Cook Cnty.*, No. 10 C 7382, 2011 WL 5509556, at *3 (N.D. Ill. Nov. 8, 2011) (internal quotation marks omitted). While Landgren may plead himself out of court—"[d]ismissal is appropriate in cases where it is clear from the face of the complaint that the plaintiff has failed to exhaust administrative remedies," *id.*—the Court cannot conclude that he has done so here. Although Landgren indicates that he filed an EEOC charge and received a right to sue letter, he does not provide any additional specifics about that charge so as to allow the Court to determine whether the charge placed the County on notice of his discrimination claims. *See Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (exhaustion requirement is intended "to give the EEOC and employer an opportunity to settle the dispute and to give the employer fair notice of the conduct about which the employee is complaining"). And while the County has asked the Court to take notice of his charge and the right to sue letter, the Court does not find it appropriate to do so where the County only attached these documents to its reply despite having raised exhaustion in its initial motion. *See Dexia Crédit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."). But even if the Court considered the substance of the EEOC charge and right to sue letter at this stage, the Court would find a factual

6

question exists as to whether Landgren named the County or the JTDC as the employer where he identified his employer as the County while providing the JTDC's address. *See* Doc. 19-1 at 2. Therefore, the Court defers the question of exhaustion to a later stage.

### III. Disability Discrimination Claims

The County also argues that Landgren has not plausibly alleged that the County discriminated against him on the basis of a disability. The ADA prohibits an employer from discriminating against or failing to accommodate "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state an ADA discrimination claim, Landgren must allege (1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) his disability caused him to suffer an adverse employment action. *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016). Landgren's Rehabilitation Act claim tracks the standards applicable to his ADA claim, although it requires that the discrimination occur "solely by reason of" his disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 630 (7th Cir. 2013). Because the County raises the same arguments for dismissal of both the ADA and Rehabilitation Act claims, the Court considers them together.

The County argues that Landgren has not sufficiently alleged that he has a disability, that the County knew of his disability, or that the County did not hire him because of his disability.

7

The County contends that Landgren's allegations on these points are merely conclusory and based on the mistaken allegation that the County, and not the Office of the Chief Judge, employed him. But the County demands too much of Landgren at the pleading stage. As the Seventh Circuit has recently reiterated, to survive a motion to dismiss in the employment discrimination context, "a plaintiff need only allege enough facts to allow for a *plausible* inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In other words, to sufficiently allege an employment discrimination claim, a plaintiff need only identify the type of discrimination that occurred, by whom, and when. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims.").

Here, Landgren has met the pleading requirements for a disability discrimination claim. He alleges that he suffered from a disability: a musculoskeletal condition that limited his ability to perform manual tasks, including pushing, pulling, and reaching. *See* 42 U.S.C. § 12102(1) (defining disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment," with major life activities including "performing manual tasks" and "working"). His allegations that he enrolled in a County vocational rehabilitation program that sought to place him in a position that would accommodate his permanent physical restrictions support the inference that the County knew of his disability. Finally, although conclusory, he sufficiently provides the County with notice that he contends that it did not hire

8

him because of his disability. While Landgren may have difficulty proving his disability discrimination claims, at this stage, he has alleged enough to proceed to discovery on them. *See Kaminski*, 23 F.4th at 777 ("Satisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination. Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment." (citations omitted)); *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) ("It is enough for a plaintiff to assert that she was treated worse because of protected characteristics. . . . Whether she can prove this is a subject for a later stage of the litigation.").

**IV.    ADEA Claim**

Raising similar arguments, the County argues that Landgren has not plausibly alleged an ADEA claim. To state a claim for a violation of the ADEA, Landgren only need allege that he suffered an adverse employment action because of his age. *Levin v. Madigan*, 697 F. Supp. 2d 958, 966 (N.D. Ill. 2010) (citing *Tamayo*, 526 F.3d at 1084). The County maintains that Landgren cannot proceed against it because he did not work for the County and the complaint does not suggest that the County knew of his age. But these arguments again miss the mark. That Landgren did not work for the County does not prevent him from pursuing an ADEA claim against the County for failure to hire. *See Turner*, 2019 WL 1953113, at *3. And while thin, the complaint at least allows the Court to draw the inference that the County knew of his age, given his participation in the vocational rehabilitation program and his allegation that the County uses a centralized human resources department that would have had information about his age. Thus, the Court will allow Landgren to proceed to discovery on his ADEA claim.

9

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part the County's motion to dismiss [13]. The Court dismisses the IWCA failure to recall or rehire claim (Count IV) against the County with prejudice. If Landgren seeks to pursue the IWCA claim against the Office of the Chief Judge, he should file an amended complaint naming the Office of the Chief Judge as a defendant by June 3, 2022.

Dated: May 16, 2022

SARA L. ELLIS
United States District Judge